NO. 07-07-0352-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 7, 2008
_____

SOUTH PLAINS LAMESA RAILROAD, LTD., AND
LARRY DALE WISENER, APPELLANTS

V.

WALTER HEINRICH AND RUSSELL HEINRICH, APPELLEES
_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-529,332; HONORABLE RUBEN REYES, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

Appellants, South Plains Lamesa Railroad, Ltd. (South Plains), and Larry Dale Wisener (Wisener), appeal from the judgment of the 72nd District Court of Lubbock County, Texas, granting two easements under a railline in favor of appellees, Walter Heinrich and Russell Heinrich (collectively "Heinrich"). By five issues, South Plains and Wisener contend the trial court erred in 1) finding that there was an easement in existence, 2) refusing a requested charge on the issue of "misrepresentation," as opposed to the charge given of "representation," 3) allowing evidence of the arrest of Wisener to go before

the jury, 4) failing to file findings of fact and conclusions of law on the questions of easement appurtenant and attorney's fees, and 5) that the evidence was legally and factually insufficient to support the award of attorney's fees to Heinrich. We affirm.

Factual and Legal Background

This case arose out of Heinrich's contention that Wisener, on behalf of South Plains, granted two separate easements for water lines under South Plain's tracks. The first easement in question came about in 1997 as a result of conversations between Walter Heinrich and Wisener. The testimony at trial developed that Heinrich desired the easement to transport water from a farm they owned and operated on one side of the railroad track to a second farm they owned and operated on the other side of the track. The pipeline was installed, giving accord to certain requirements of South Plains, and, subsequently, Heinrich installed a drip irrigation system on the receiving farm for utilization of the imported water. The evidence at trial was that the total cost to install the pipeline under the railroad track and the drip irrigation system was $98,538.54. At trial, Wisener contended that Walter Heinrich was advised that the pipeline would be removed at any time if it posed a problem in South Plain's utilization of the tracks. Heinrich presented testimony that there were no conditions placed on the continued utilization of the pipeline. Heinrich requested that the easement be reduced to writing, but Wisener stated that was not necessary. As a result, there was never a written easement signed by the respective parties. In 2004, Heinrich again approached South Plains and Wisener about a second pipeline at a different location. Walter Heinrich testified that the pipeline was necessary to deliver water from water wells purchased from the City of Slaton to another Heinrich

2

farm that had limited watering capacity. The testimony at trial indicated that South Plains approved the construction to place the second pipeline under the tracks. Again, the issue of reducing the easement to writing was discussed. Wisener stated that he desired to have a written easement prepared and Heinrich agreed. However, no written easement was ever forwarded to Heinrich. Walter Heinrich testified that the cost of the second pipeline was $7,036.80.

Shortly after completion of the second pipeline, Wisener was involved in an altercation involving one of South Plain's employees and the City of Slaton Police Department. The altercation resulted in Wisener's arrest. Testimony at trial indicated that, shortly after the arrest, Wisener contacted Jerry Kitten of Slaton in an effort to get something done about the police and the Mayor of Slaton. Kitten testified that he indicated that Wisener should contact Walter Heinrich about the situation. Wisener subsequently contacted Walter Heinrich in an effort to gain support for his proposed actions against the police officers and the Mayor. Walter Heinrich testified that, when he advised Wisener that he could not help him, Wisener stated he would cut the pipelines in question. This suit was filed immediately thereafter and a temporary injunction was granted preventing South Plains and Wisener from interfering with the pipelines in question. Subsequently, at the trial on the merits, the trial court submitted two questions to the jury.

Question No. 1:
Do you find that Walter Heinrich has a permanent waterline easement under the railroad tracks of Defendant South Plains Lamesa Railroad, Ltd., between his land and the land of Russell Heinrich?"

3

Instruction: In connection with this question, you are instructed that in order to establish an easement, you must find each of the following elements:

(1) A representation was communicated by Larry Dale Wisener to Walter Heinrich, either by words or by actions, that Walter Heinrich had a permanent easement;

(2) The communication was believed by Walter Heinrich; and

(3) Walter Heinrich relied on the communication.

Answer "Yes" or "No."

Question No. 2:

Do you find that Walter Heinrich has a permanent waterline easement across the property and under the railroad tracks of Defendant South Plains Lamesa Railroad, Ltd., from water wells near the northwest corner of the property of South Plains Lamesa Railroad, Ltd., to Walter Heinrich's land?

Instruction: In connection with this question, you are instructed that in order to establish an easement, you must find each of the following elements:

(1) A representation was communicated by Larry Dale Wisener to Walter Heinrich, either by words or by actions, that Walter Heinrich had a permanent easement;

(2) The communication was believed by Walter Heinrich; and

(3) Walter Heinrich relied on the communication

Answer "Yes" or "No."

4

The jury answered yes to both questions submitted. Based upon these answers, the trial court heard evidence about attorney's fees and entered the judgment appealed from.

Existence of an Enforceable Easement

Via their first issue, South Plains and Wisener contend that there was no enforceable easement for either pipeline. South Plains and Wisener state that the 1997 and 2004 easements were not enforceable under either the statute of frauds or the statute of conveyances. South Plains and Wisener's brief proceeds to document all the various types of easements that are required to be in writing and note that neither of the easements in question were reduced to writing. While South Plains and Wisener's brief correctly states the law, it is of no import for purposes of this appeal. This case was tried under the theory that the easements in question were easements by estoppel, also known as easement *in pais*, which is an exception to the requirement that easements must be in writing to be enforceable. Drye v. Eagle Rock Ranch, Inc., 364 S.W.2d 196, 209 (Tex. 1962).

South Plains and Wisener acknowledge that Texas jurisprudence recognizes the doctrine of easement by estoppel, however, they contend that, for the doctrine to apply, there must be a vendor/vendee relationship existing between the parties. See Scott v. Cannon, 959 S.W.2d 712, 720 (Tex.App.–Austin 1998, pet. denied).[1] According to South

___

[1] We note that, in Scott, the court states that a vendor/vendee relationship is necessary to establish an easement by estoppel. However, the case was decided because the record did not conclusively show any affirmative representations as to the existence of an easement. Scott, 959 S.W.2d at 720. Therefore, the language regarding a vendor/vendee relationship is *dicta*.

Plains and Wisener's theory, this is the missing element in Heinrich's case. The record reflects that both Heinrichs testified that there was no existing vendor/vendee relationship between the parties. However, South Plains and Wisener's reliance on the purported requirement for such a relationship is misplaced. In one of the first cases involving the question of easement by estoppel, the Texas Supreme Court outlined the elements necessary to establish such an easement and nowhere in the opinion is a vendor/vendee relationship required. F.J. Harrison & Co. v. Boring & Kennard, 44 Tex. 255, 267-68 (1875). Since the Harrison case, the Texas Supreme Court has never required the existence of a vendor/vendee relationship in applying the doctrine of easement by estoppel. A review of Texas cases reveals that the holding in Scott has been rejected by those courts that have considered the question of the necessity of a vendor/vendee relationship to establish an easement by estoppel. See Murphy v. Long, 170 S.W.3d 621, 627-28 (Tex.App.–El Paso 2005, pet. denied). See also Mack v. Landry, 22 S.W.3d 524, 529-30 (Tex.App.–Houston [14th Dist.] 2000, no pet.) (discussing cases holding that vendor/vendee relationship not required).

Rather than as contended by South Plains and Wisener, the elements of easement by estoppel are: 1) a representation communicated, either by word or action, to the promisee; 2) the communication was believed; and 3) the promisee relied on the communication. Drye, 364 S.W.2d at 209-10. Concluding that a vendor/vendee relationship is not required to prove that an easement was granted by estoppel, we overrule South Plains and Wisener's first issue.

6

Jury Instruction

South Plains and Wisener next contend that the trial court erred in overruling their objection to the instructions accompanying jury questions numbers 1 and 2. The instructions referenced "representations" made by Wisener to Heinrich. South Plains and Wisener contend that the instruction is deficient because it did not refer to "misrepresentations."

When reviewing a complaint about a jury instruction, the relevant inquiry is was the instruction given proper. TEX. R. CIV. P. 277; Plainsman Trading Co. v. Crews, 898 S.W.2d 786, 791 (Tex. 1995). The question of whether an instruction is properly worded is reviewed under an abuse of discretion standard. M. N. Dannenbaum, Inc. v. Brummerhop, 840 S.W.2d 624, 631 (Tex.App.–Houston [14th Dist.] 1992, writ denied). South Plains and Wisener's contention challenges the wording of the instruction given.

South Plains and Wisener correctly point out that the record contains no reference to an affirmative misrepresentation by Wisener to Henirich. However, the cases cited by South Plains and Wisener to support a requirement of an affirmative misrepresentation are either not on point or are clearly distinguishable. First, Miller v. Babb, 263 S.W. 253, 254 (Tex. 1924), did not address the requirements necessary to create an easement by estoppel, rather it addressed the necessity for the particular easement in question to be incorporated into the deed conveying the property. Next, South Plains and Wisener cite to Stallman v. Newman, 9 S.W.3d 243 (Tex.App.–Houston [14th Dist.] 1999, pet. denied), for the proposition that a misrepresentation is required. However, the opinion actually

states that the element required for an easement by estoppel is a representation communicated to the promisee, as opposed to a misrepresentation. Id. at 247. It appears that some courts have used the terms representation and misrepresentation almost interchangeably when discussing the application of the facts to the law, as in the Stallman case. However, in one of the earliest easement by estoppel cases decided by the Texas Supreme Court, the Court used the terms "parole agreement or representation" to describe how an easement by estoppel might be created. F. J. Harrison & Co., 44 Tex. at 265. Currently, whenever courts have set forth the elements required to prove an easement by estoppel, they have universally used the term "representation." Cleaver v. Cundiff, 203 S.W.3d 373, 375 (Tex.App.–Eastland 2006, pet. denied); Murphy, 170 S.W.3d at 625. For these reasons, we find the trial court's jury instructions to have been properly worded and overrule South Plains and Wisener's issue.

Evidence of Wisener's Arrest

South Plains and Wisener next contend that the trial court erred in admitting the testimony of Jerry Kitten and Walter Heinrich regarding the arrest of Wisener by the City of Slaton police. The admission of evidence is committed to the sound discretion of the trial judge. In re J.P.B., 180 S.W.3d 570, 575 (Tex. 2005). A trial court abuses its discretion when its decision is arbitrary, unreasonable, and without reference to any guiding rules or principles. In re Pirelli Tire, L.L.C., 247 S.W.3d 670, 676 (Tex. 2007). If an appellant can show that the trial court's ruling was in error, he must further demonstrate that the error was calculated to cause the rendition of an improper judgment. TEX. R. APP. P. 44.1; Nissan Motor Co. v. Armstrong, 145 S.W.3d 131, 144 (Tex. 2004). Therefore, to

8

properly review the issue, we must first establish whether or not the trial court's action in admitting the evidence was, in fact, in error.

South Plains and Wisener allege that the trial court's actions were in error because the evidence was not relevant to any inquiry before the jury. TEX. R. EVID. 401.[2] The rules of evidence further provide that evidence which is not relevant is inadmissible. Rule 402. Therefore, we must first determine whether the evidence was relevant. For evidence to be relevant, it must logically tend to make a particular proposition more or less likely. Service Lloyds Ins. Co. v. Martin, 855 S.W.2d 816, 822 (Tex.App.–Dallas 1993, no writ). Additionally, the proposition to be proved must be of consequence to some issue in the trial. Id. The record shows that the first agreement regarding a water line was entered into in 1997. Between 1997 and the time of the disputed testimony, there were no communications from South Plains and Wisener to Heinrich regarding that first line. The second agreement was entered into in January or February of 2004. As noted above, there was discussion of entering into a written agreement, but no agreement was ever executed. Heinrich had no further discussions with South Plains or Wisener regarding the second line until the time of the disputed testimony. After the incident that led to the arrest of Wisener, Walter Heinrich testified that he received a call from Wisener advising that there was a matter he needed to discuss with Walter Heinrich. Wisener would not discuss the matter over the phone. In a face-to-face meeting, Wisener told Walter Heinrich that he needed to get the Mayor of Slaton, the Chief of Police, and two officers fired or

---

[2] Further reference to the Texas Rules of Evidence will be by reference to "Rule ___."

9

removed. Walter Heinrich advised Wisener that he could not do that because he did not even live inside the city limits of Slaton. Wisener then advised Walter Heinrich that if he did not take the requested action that the pipelines in question would be cut. Later in the trial, Jerry Kitten testified that he also received a call from Wisener and was requested to takes steps to get the Mayor, Chief of Police, and the two officers involved in Wisener's arrest all fired or replaced. The testimony reflects that Jerry Kitten also has water lines running under the right of way of South Plains. Kitten testified that, when he told Wisener that he could not comply with the request, Wisener threatened to have his water lines removed.

Heinrich posits that the evidence in question was admissible to show what triggered the sudden change in the status of the easements in question. Under this theory of admissibility, it was the arrest of Wisener that caused what had been treated as a permanent easement, based upon the conduct of the parties, to become an easement at the convenience of Wisener. Ultimately, it goes to the question of the intent of Wisener at the time of the conversation with Walter Heinrich. The evidence, according to Heinrich, was placed before the jury in the historical context of the relationship between the parties and their dealings prior to the arrest incident. As such, there is at least a logical connection between this line of questioning and the propositions that Heinrich was attempting to prove, the existence of a permanent easement. N. Dallas Diagnostic Ctr. v. Dewberry, 900 S.W.2d 90, 94 (Tex.App.–Dallas 1995, writ denied). Accordingly, the admitted evidence was relevant.

10

South Plains and Wisener next contend that, even if the evidence in question was relevant, it should have been excluded under Rule 403. At the time the testimony of Walter Heinrich and Jerry Kitten was offered, South Plains and Wisener's sole objection went to the issue of relevancy. To preserve a complaint on appeal, a party must make a timely objection that states the specific grounds for the desired ruling. Rule 103(a)(1); Tex. R. App. P. 33.1(a). If a party fails to make a timely objection and obtain a ruling, the error is not preserved and the complaint is waived. Texas Dep't of Transp. v. Olson, 980 S.W.2d 890, 898 (Tex.App.–Fort Worth 1998, no pet.). Additionally, the complaint on appeal must comport with the objection at trial. Id. Because the evidence was not objected to on the grounds of Rule 403, the complaint is waived.

Having reviewed the contentions of South Plains and Wisener, we cannot say the trial court abused its discretion in admitting the evidence at issue. In re J.P.B., 180 S.W.3d at 575. Accordingly, South Plains and Wisener's issue is overruled.

Findings of Fact and Conclusions of Law

South Plains and Wisener's next contention concerns two matters contained in the trial court's judgment. The judgment awarded attorney's fees to Heinrich and found that the easements in question were easements appurtenant.[3] Neither of these findings were contained in issues submitted to the jury. Therefore, as to both of these findings, South Plains and Wisener requested the trial court to enter findings of fact and conclusions of

---

[3] The term easement by estoppel goes to the question of the establishment of an easement, whereas, the term easement appurtenant goes to the rights afforded the holder of such an easement.

11

law.  Since no findings of fact and conclusions of law were issued by the court, South Plains and Wisener filed a notice of past due findings of fact and conclusions of law.  No separate findings of fact and conclusions of law were ever entered and now South Plains and Wisener contend that the failure to enter the requested findings of fact and conclusions of law was error.

Initially, we note that, even though there were no separate findings of fact and conclusions of law filed, the judgment does, in fact, contain the findings of fact and conclusions of law South Plains and Wisener requested.[4]  Rule 299a of The Texas Rules of Civil Procedure states that findings of fact shall not be recited in the judgment.  However, the same rule follows this prohibition with the following, "If there is a conflict between findings of fact recited in a judgment in violation of this rule and findings of fact made

---

[4] In connection with the conclusion that the easement was appurtenant to the land, the court made the following finding in connection with both easements:

> The easement includes the right of ingress, egress and regress for Walter Heinrich, his tenants and workman for the repair, replacement and maintenance of the waterline.  The easement benefits Walter Heinrich Tract #1 and touches and concerns Easement Tract A; therefore the easement is an easement appurtenant and will run with the land.

The court set out the same findings for Walter Heinrich Tracts #2 and #3 concerning Easement Tract B.  The stipulated legal descriptions of the Tracts was also contained in the judgment.

Regarding the attorney's fees, the judgment states,

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Plaintiffs WALTER HEINRICH AND RUSSELL HEINRICH recover of and from Defendants SOUTH PLAINS LAMESA RAILROAD, LTD. and LARRY DALE WISENER, Individually, the sum of $80,000.00 as reasonable and necessary attorney's fees in the trial court pursuant to and in accordance with Section 37.009 of the Texas Civil Practices & Remedies Code.

12

pursuant to Rule 297 and 298, the latter findings will control for appellate purposes." Tᴇх. R. Cɪᴠ. P. 299a. Thus, we are faced with the same situation this court previously addressed in Hill v. Hill, 971 S.W.2d 153, 156-57 (Tex.App.–Amarillo 1998, no pet.).

In Hill, the trial court filed no separate findings of fact and conclusions of law, rather the necessary findings and conclusions were in the judgment. Id. at 157. In Hill we recognized that filing the findings in the judgment was contrary to Rule 299a of the Texas Rules of Civil Procedure, however, we stated that findings in the judgment were not shorn of all authority. Id. Those findings in the judgment have probative value as long as they do not conflict with findings filed in a separate document. Id. Thus, this Court reasoned that findings in the judgment could be considered because they revealed the basis for the trial court's decision. Id. On this basis, we affirmed that portion of the trial court's judgment which included the findings. We see no reason to reverse our position.[5] Accordingly, we overrule South Plains and Wisener's issue regarding the absence of separate findings of fact and conclusions of law.

The findings of fact in regards to the attorney's fees is not as detailed as that for the easement appurtenant. If the findings of fact and conclusions of law filed in the judgment regarding attorney's fees is not sufficient, we still find that South Plains and Wisener have suffered no injury. Tenery v. Tenery, 932 S.W.2d 29, 30 (Tex. 1996). The evidence supporting the trial court's determination of attorney's fees is discussed in detail in the following issue.

---

[5] We were not the first court to so rule. See Martinez v. Molinar, 953 S.W.2d 399, 401 (Tex.App.–El Paso 1997, no writ).

13

Legal and Factual Sufficiency of Evidence Regarding Attorney's Fees

South Plains and Wisener next contend that the evidence was legally and factually insufficient to support the trial court's award of attorney's fees. The case before us was tried under the Declaratory Judgment Act. TEX. CIV. PRAC. & REM. CODE ANN. Chapt. 37 (Vernon 2008). Pursuant to the statute, "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE § 37.009. When reviewing an award of attorney's fees under the Act, an appellate court must determine whether the trial court abused its discretion by awarding fees when there was insufficient evidence that the fees were reasonable and necessary or when the award was inequitable or unjust. Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex. 1998).

The evidence before the trial court consisted of the testimony of Heinrich's attorney that he charged $275.00 per hour and had spent 256.5 hours on the case. Additionally, counsel testified that he had charged this hourly rate for several years and had charged a similar rate to a number of clients. Testimony was also presented that Heinrich's counsel had associated another attorney to assist with research and writing of trial briefs and other matters. The second attorney charged $175.00 per hour. The total amount of attorney's fees testified to by Heinrich's counsel was $88,900.50. There was additional testimony that $20,043.75 had been charged to Heinrich for paralegal fees. Trial counsel then testified to fees in case of appeal to the Court of Appeals and the Supreme Court of Texas. During cross-examination, Heinrich's trial counsel testified that he knew of several lawyers who charged at least as much as an hourly rate, both in Lubbock, Texas, and in the region around Lubbock. Additionally, Heinrich produced two other attorneys who testified that the

14

hourly rate of $275.00 was reasonable and necessary. South Plains and Wisener's attorney testified that his hourly rate in this matter was $150.00. He further testified that he had spent 167 hours on the case. South Plains and Wisener's basic contention is that, since their attorney charged a lower hourly rate and had fewer hours involved in the case, the trial court's order on attorney's fees is improper.

The disparity in the hourly rate and number of hours spent on the case may be due to any number of reasons. However, there was evidence presented that supported the attorney's fees awarded by the court. Id. Therefore, we cannot say that the trial court abused its discretion in awarding attorney's fees of $80,600. Id. South Plains and Wisener have not challenged the award of attorney's fees as being inequitable or unjust. Neither have they challenged the award of attorney's fees in connection with any appellate matters. Accordingly, we overrule their issue.

### Conclusion

Having overruled all of South Plains and Wisener's issues, we affirm the trial court's judgment.

Mackey K. Hancock
Justice
