

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-19-00242-CV

___

RUDY ALVAREZ, D/B/A/ ACOUSTICAL PLUS, APPELLANT

V.

PATSY SHEPARD, APPELLEE

___

On Appeal from 72nd District Court, Lubbock, Texas
Trial Court No. 2017528531, Honorable Kelly Moore, Presiding

___

February 12, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

This is an appeal from a final judgment awarding Patsy Shepard treble damages against the appellant, Rudy Alvarez, d/b/a Acoustical Plus. Shepard contracted with Alvarez to perform rather major improvements on two homes. She lived in one along with her mother. The other home was that of her sister who happened to live next door. Shepard obligated herself to pay for all construction being undertaken. Furthermore, Alvarez accepted payment, began the work, failed to complete the renovations after repeatedly being asked and promising to finish, and left the home in disrepair. That resulted in Shepard suing him and alleging that he breached their contract, breached both

express and implied warranties regarding his services, and engaged in deceptive trade practices. Trial was to the court, which found for Shepard and awarded her trebled economic damages. Alvarez appealed. His sole issue concerns the award of treble damages and whether sufficient evidence appeared of record illustrating that he acted with the requisite *mens rea* to permit them. We affirm.

The Texas Business and Commerce Code permits a consumer to maintain an action when a breach of either an expressed or implied warranty is a producing cause of damages. TEX. BUS. & COM. CODE ANN*.* § 17.50(a)(2) (West 2011). A consumer who prevails may recover "economic damages" which may be trebled if the defendant knowingly committed the misconduct. *Id.* § 17.50(b)(1). Furthermore, the legislature explained that a breach of expressed or implied warranty is knowingly committed when done with "actual awareness of the act, practice, condition, defect, or failure constituting the breach." *Id.* § 17.45(9). And, "actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness." *Id.*

Next, implied within a contract to repair goods or property is a warranty to perform those repairs in a good and workmanlike manner. *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 354 (Tex. 1987). Breaching it is actionable under § 17.50 of the Business and Commerce Code. *Id.*; *Cont'l Dredging, Inc. v. De-Kaizered, Inc.*, 120 S.W.3d 380, 390–91 (Tex. App.—Texarkana 2003, pet. denied). Most importantly, one's failing to complete work required under an agreement constitutes such a breach*. Barnett v. Coppell N. Tex. Court, Ltd.*, 123 S.W.3d 804, 823 (Tex. App.—Dallas 2003, pet. denied); *Cont'l Dredging, Inc.*, 120 S.W.3d at 391; *LaBella v. Charlie Thomas, Inc.*, 942 S.W.2d 127, 135 (Tex. App.—Amarillo 1997, writ denied). Indeed, it seems rather logical that

2

finishing the project is integral to a contractor's duty to perform in a good and workmanlike manner.  With this, we turn to the record at bar.

Within it lies evidence of Alvarez agreeing to perform the home renovations, starting them, deconstructing portions of the Shepard home, and then leaving the abode in a state of disrepair.  To that we add evidence of Shepard's queries about the slow progress of his work, her requests for him to finish, his representations that he would resume work, and his ultimate failure to complete the promised work.

As Shepard testified to:

> And one time in March when I gave the check we got a bad storm . . . the house was so bad.  It was raining in the house, electric wires [were] everywhere.  I did not know what to do.  I kept calling him.  I could not get him.  Me and my mom had to sleep.  We [were] so scared.  I could not sleep the whole night.  And I'm like, I've got to go to work. I had pots, buckets, everything in the house.  This is where he said the roof was fixed. He took the main beam out of the house.  Water was all over the house.  Water was just everywhere.

"[F]inally in May," she "couldn't take it anymore" and encountered Alvarez in a store or mall.  He again promised that he was "going to be at [her] house next week" and explained that he "got caught up on another job."  She added that before contracting with Alvarez, she queried whether he had other jobs that would prevent him from performing the renovations in a timely manner.  He "guaranteed" her that he had none.  Yet, he not only "picked up other jobs to work on" while her "house [was] not even finished" but also never returned to finish hers.  And, by that time, Shepard had paid him $41,500 of the $44,000 contract price.

That he began the work, demanded and received at least 94% of the contract price from Shepard, left the job, promised to return to finish the renovations, and never completed them is evidence permitting the fact-finder to award treble damages.  That is,

3

leaving the job incomplete is some evidence from which a reasonable, fair-minded fact-finder may rationally deduce that Alvarez breached his implied duty to act in a good and workmanlike way. His having promised, in response to Shepard's entreaties, to return and finish the renovations is some evidence from which a reasonable and fair-minded fact-finder may rationally deduce that he was actually aware of the "failure constituting the breach," which was his leaving the job incomplete. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005) (stating that the test for whether the verdict is supported by legally sufficient evidence is whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review). And, with that evidence, the trial court had legitimate bases to conclude that he acted knowingly and, therefore, treble the economic damages suffered by Shepard.

Though not substantively briefed, Alvarez also complains about the absence of any finding from the trial court that he acted intentionally or knowingly when breaching the implied warranty at issue. Yet, within its final judgment, the trial court found not only that Shepard "is a consumer as defined under the Texas Deceptive Trade Practices Consumer Protection Act (DTPA)" but also that "Defendant's breaches of warranty are deceptive trade practices committed knowingly and intentionally by Defendant." Including findings of fact in a judgment is improper when the litigants formally request such findings and conclusions of law. *Hill v. Hill*, 971 S.W.2d 153, 156 (Tex. App.—Amarillo 1998, no pet.). But, if they nonetheless appear in a judgment, they "have probative value as long as they do not conflict with those in a separate document." *Id.* at 157; *accord S. Plains Lamesa R.R. v. Heinrich*, 280 S.W.3d 357, 365 (Tex. App.—Amarillo 2008, no pet.) (recognizing the continued validity of the holding in *Hill*). Because the record does not

4

contain either a request by anyone for findings of fact and conclusions of law or a document apart from the judgment containing such findings and conclusions, those in the judgment control.

We overrule appellant's issue and affirm the final judgment.


Brian Quinn
Chief Justice