In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00169-CV


______________________________




ROBERT TILLER AND WIFE, MARY TILLER;


R. SCOTT NEVINS AND WIFE, MRS. R. SCOTT NEVINS, Appellants



V.



LAKE ALEXANDER PROPERTIES, LTD., Appellee




 


On Appeal from the 123rd Judicial District Court


Panola County, Texas


Trial Court No. 2000-A-199




 




Before Grant, Ross, and Cornelius,* JJ.


Opinion by Justice Cornelius


*William J. Cornelius, C.J., Retired, Sitting by Assignment



O P I N I O N



 This is an appeal from a declaratory judgment rendered by the district court of
Panola County, which held that Lake Alexander Properties, Ltd., has a twenty-foot-wide
easement by necessity and prescription over land owned by Robert Tiller and wife and
Scott Nevins and wife. 

 The land involved here is located in eastern Panola County, near the Bethany,
Texas-Louisiana State Line Road. Lake Alexander Properties acquired a fifty-acre tract
in 1999, which lies north and east of the Tiller-Nevins 123.5 acres. Tiller acquired the
123.5-acre tract in 1992, and Nevins acquired an interest in that tract in 1994 or 1995. 
Both the Lake Alexander Properties and Tiller-Nevins land were originally a part of the
Burns Estate tract, and were severed out of the Burns tract by conveyances to
predecessors in title. Joseph Alexander testified that Lake Alexander Properties was a
family-owned partnership and that the property in question was purchased with the intent
of clear-cutting and replanting it for eventual timber harvesting. Alexander testified that,
although he currently lives in Victoria, Texas, his family had lived in the Bethany area of
Panola County for years, and that his father, who died in 1968, had purchased numerous
tracts in both Panola County and adjoining Caddo Parish in Louisiana for oil and gas and
cattle and timber operations, including a fifty-four-acre tract just to the north of the fifty-acre
tract. Dr. and Mrs. Tiller acquired their property, totaling approximately 292 acres, by
warranty deed from Don B. Long, Jr., and Billye Sue Long in 1992. Nevins testified at trial
that he and his wife acquired their interest in the Tiller land in 1994 or 1995. 

 The case was tried nonjury, and the trial court found that Lake Alexander Properties
had acquired a specific twenty-foot-wide easement by necessity and by prescription over
the Tiller-Nevins property.

 The trial court filed findings of fact and conclusions of law supporting its declaratory
judgment that Lake Alexander Properties had acquired a specific easement by necessity
and by prescription. When the trial court files specific findings of fact and conclusions of
law and there is a statement of facts, we will sustain the findings if any evidence supports
them. We also review the correctness of the trial court's legal conclusions. In re Estate
of Brown, 922 S.W.2d 605, 607 (Tex. App.-Texarkana 1996, no writ). 

 In ten separate issues, Tiller and Nevins challenge the trial court's findings of an
easement by necessity and by prescription on the bases that those findings are supported
by legally and factually insufficient evidence.

 An easement is a liberty, privilege, or advantage without profit granted to a person,
either personally or by virtue of his ownership of a specific parcel of land, to use another
parcel of land for some limited purpose. The parcel owned by the grantor of the easement
is called the servient estate, and the parcel benefitted by the easement is called the
dominant estate. An easement in which the benefits are for a specific parcel of land,
regardless of the identity of the owner, is an easement appurtenant. Easements may be
created by express grant, by implication, by necessity, by estoppel, and by prescription. 
Machala v. Weems, 56 S.W.3d 748, 754-55 (Tex. App.-Texarkana 2001, no pet.); see also
Daniel v. Fox, 917 S.W.2d 106, 110 (Tex. App.-San Antonio 1996, writ denied). Lake
Alexander Properties pleaded that the court declare that it owns (a) an easement by
implication or necessity, or (2) in the alternative, an easement by prescription. 

 Tiller and Nevins first challenge the trial court's finding of an easement by necessity. 
It is established law in Texas that, where there is conveyed a tract of land that is
surrounded by the grantor's land, or by his and the land of third persons, and to which the
grantee can only have access through lands other than that conveyed, the grantee has a
right-of-way by necessity over the remaining lands of the grantor. It is also the law that
where a vendor retains a tract of land that is surrounded partly by the tract conveyed and
partly by the lands of a stranger, there is an implied easement by necessity over the land
conveyed, when the grantor has no other way out. Bains v. Parker, 143 Tex. 57, 182
S.W.2d 397 (1944); see also Koonce v. Brite Estate, 663 S.W.2d 451 (Tex. 1984). The
elements required to establish an implied easement by necessity are: 1) unity of
ownership prior to severance; 2) access must be a necessity and not a mere convenience;
and 3) the necessity must exist at the time of the severance of the two estates. Koonce
v. Brite Estate, 663 S.W.2d at 452; Machala v. Weems, 56 S.W.3d at 755.

 Tiller and Nevins argue legal and factual insufficiency of the evidence as to the trial
court's finding of an easement by necessity. The standard of review for legal sufficiency
requires that we determine whether, considering only the evidence and inferences that
support the court's finding, and disregarding all evidence to the contrary, there is any
probative evidence that supports the finding. If more than a scintilla of evidence supports
the finding, the legal sufficiency challenge fails. The standard of review for factual
insufficiency requires us to determine if the finding is so against the great weight and
preponderance of the evidence as to be manifestly wrong and unjust. In reviewing an
issue claiming that a finding is supported by factually insufficient evidence, we review all
of the evidence, both that which supports the finding and that which tends to disprove it. 
Machala v. Weems, 56 S.W.3d at 754; Toal v. Smith, 54 S.W.3d 431, 433-35 (Tex.
App.-Waco 2001, pet. denied). We reverse on a factually insufficient point if the evidence
supporting the finding is too weak to support the finding or if the proponent's proof,
although adequate if taken alone, is overwhelmed by the opponent's contrary proof. Toal
v. Smith, 54 S.W.3d at 434. 

 In its findings of fact, the trial court found that Lake Alexander Properties' land and
the Tiller-Nevins land came through predecessors in title having a unity of ownership in
S. M. Burns. Wayne Alexander acknowledged that Lake Alexander Properties' interest in
the fifty-acre tract derived from S. M. Burns. Scott Nevins, a part owner of the Tiller
property, acknowledged that his ownership rights in the alleged servient estate derived
from S. M. Burns. There is no evidence and no party has argued that these two tracts did
not derive from common ownership. Thus, there is legally and factually sufficient evidence
to support the trial court's finding that both tracts derive from a common ownership.

 Texas courts have recognized that the second element necessary to establish an
easement by necessity, i.e., that access must be truly a necessity and not a mere
convenience, 

 must be more than one of convenience for if the owner of the land can use
another way, he cannot claim by implication to pass over that of another to
get to his own. . . . [T]he burden is on the one seeking to establish such
implied reservation of a roadway to exclude, by proof, the possibility of
another way of ingress and egress except the way claimed.


Duff v. Matthews, 158 Tex. 333, 311 S.W.2d 637, 640-41 (1958); see also Heard v. Roos,
885 S.W.2d 592, 595 (Tex. App.-Corpus Christi 1994, no writ). In Mitchell v. Castellaw,
151 Tex. 56, 246 S.W.2d 163 (1952), cited in the Duff case, the Texas Supreme Court held
that the rule of strict necessity applies in such cases. Mitchell v. Castellaw, 246 S.W.2d
at 168-69. In Duff, the rule was applied to deny an easement by necessity, despite a
showing that the other means of ingress and egress was, in its present condition,
impassable. Duff v. Matthews, 311 S.W.2d at 642-43. In Duff, however, the alternative
means of ingress and egress was over land owned by the plaintiff seeking the easement
by necessity. Id. A situation similar to that presented here is found in Benedictine Sisters
v. Ellison, 956 S.W.2d 629 (Tex. App.-San Antonio 1997, pet. denied). The Sisters sought
a declaration of an easement by necessity over neighboring property. The evidence
established that the proposed way of necessity was the only means by which they could
access a public road, FM 3167. Having established unity of ownership with the
neighboring tract prior to severance, the next key issue was whether the proposed
easement was one of "necessity" and not "mere convenience." It was shown that the
Sisters had actual access to their property through two other adjoining properties, one of
the owners of which had actually given them permission. Nevertheless, the court held that,
because the easement sought was the only way they could have access to a public road,
the element of necessity was shown. Id. at 632.

 The evidence here shows that the only public road by which Lake Alexander
Properties could access its property is County Road 329, which dead-ends at the boundary
of the Tiller-Nevins property, at a gate that had been locked by Tiller and Nevins. The
roadway that runs east-west through the Tiller-Nevins property originated as a roadway to
service the oil leases on the property, owned by Texaco. Off this road, stated to be about
twenty-five feet wide, were two smaller roads that went north to the boundary of what was
eventually acquired by Lake Alexander Properties, which were no more than fifteen feet
wide, and overgrown, suitable only for four-wheeler traffic. There was no evidence of any
recent vehicular traffic on these roads. These roads went to old oil production facilities,
some of which facilities are still present. Alexander testified that, when he was younger,
he would accompany his father to the tract just north of the present fifty-acre tract, and that
his only means to enter the property was through the oil field roads. Alexander testified
that it was a necessity to use the old oil field road and the two smaller roads going north
to access his property, which he bought for timber growing. Alexander did at one time gain
access to the fifty-acre tract through adjacent property owned now by Busher. However,
he was able to do so only after the land had been cleared, with permission of the owner,
through an open pasture and a gap in the fence, and not with a full-sized vehicle, but only
on a four-wheeler. There is no testimony that the fifty-acre Alexander tract has any access,
through the Busher or any other adjacent property, to a public road, particularly County
Road 329, except through the Tiller-Nevins property, the former Burns tract. Compare
Benedictine Sisters v. Ellison, 956 S.W.2d at 632. Thus, the trial court's finding that the
second element, that of necessity rather than mere convenience, has been satisfied, and
is supported by legally and factually sufficient evidence.

 However, we find there is no evidence that such necessity existed at the time of the
severance of the dominant and servient estates. Thus, the third requirement for an
easement by necessity has not been established. Such element must be shown, id., and
absent evidence regarding this matter, an easement by necessity may not be imposed. 
Machala v. Weems, 56 S.W.3d at 756; Heard v. Roos, 885 S.W.2d at 595-96. There is
no evidence whatsoever that, on the date of the severance, the tract ultimately acquired
by Lake Alexander Properties was a landlocked property, or had no access to a public
road. Without such evidence, an easement by necessity cannot be established. 
Benedictine Sisters v. Ellison, 956 S.W.2d at 632. Thus, the trial court erred in finding that
Lake Alexander Properties had established the required elements of an easement by
necessity. 

 In issues four through ten, Tiller and Nevins challenge the trial court's finding that
Lake Alexander Properties established an easement by prescription. An easement by
prescription rests on the claimant's actions under a color of right. A person acquires a
prescriptive easement by the open, notorious, continuous, exclusive, and adverse use of
someone else's land for ten years. Mack v. Landry, 22 S.W.3d 524, 531 (Tex.
App.-Houston [14th Dist.] 2000, no pet.); Stallman v. Newman, 9 S.W.3d 243, 248 (Tex.
App.-Houston [14th Dist.] 1999, pet. denied). To establish an easement by prescription,
the claimant must show that his use of land was: 1) open and notorious; 2) adverse to the
owner's claim of right; 3) exclusive; 4) uninterrupted; and 5) continuous for a period of ten
years. Toal v. Smith, 54 S.W.3d at 435. If there is a failure to establish any of these
essential elements by a preponderance of the evidence, the claim of easement cannot be
maintained. Brooks v. Jones, 578 S.W.2d 669, 674 (Tex. 1979). 

 Burdening another's property with a prescriptive easement is not well-regarded in
the law. Toal v. Smith, 54 S.W.3d at 435. The hostile and adverse character of the use
is the same as that necessary to establish title by adverse possession. One test to
determine whether a claim is hostile is whether the claimant's use, occupancy, and
possession of the land is of such a nature and character as to notify the true owner that the
claimant is asserting a hostile claim. Mack v. Landry, 22 S.W.3d at 531; Stallman v.
Newman, 9 S.W.3d at 248. 

 To determine if there is legally sufficient evidence to support a finding, we consider
only the evidence supporting the finding. Alexander testified that he remembered using
the roadway in question when he was young; he also testified that he went there when he
was young only every couple of years. The road in question is the way that the foresters
used. This evidence establishes none of the required elements for a prescriptive
easement. It fails to show that Lake Alexander Properties' or its predecessors in title's use
was open and notorious, adverse to the claim of right of the then-owner of the Burns Estate
tract, exclusive, uninterrupted, or continuous for a ten-year period. Thus, it is legally
insufficient to support a finding of easement by prescription. Alexander himself testified
that there was oil field activity at that location, with a lot of people going in and out. Nevins
stated that the "oil field road" that traversed the Burns Estate tract was their main road of
travel across the tract. He testified that Texaco had for a long time used the road for oil
field activity and was presently using the road for drilling a new well and pipeline. The
Anderson family lived right by the gate, and they used the road continuously. Deer hunters
used the road. Adjacent property owners used the road. All of this use was with the
knowledge and consent of the true owners of the property. It has long been the law in
Texas that, when a landowner and the claimant of an easement both use the same way,
the use by the claimant is not exclusive of the owner's use and therefore will not be
considered adverse. Brooks v. Jones, 578 S.W.2d at 673; see also Vrazel v. Skrabanek,
725 S.W.2d 709, 711 (Tex. 1987). The easement claimant must exclude, or attempt to
exclude, all other persons, including the true property owner, from using the roadway. 
Stallman v. Newman, 9 S.W.3d at 249. Joint continuous use, without a legally adverse or
hostile act, is not sufficient. Mack v. Landry, 22 S.W.3d at 532. This same evidence also
fails to show that any use by Lake Alexander Properties would be adverse to any claim of
right by the property owner. We find there is no evidence to support all of the essential
elements necessary to establish an easement by prescription.

 The trial court also made a finding that Tiller and Nevins recognized and accepted
the easement now claimed by Lake Alexander Properties when they acquired title to their
land. This finding is based on a clause in the deed of the Tiller-Nevins land executed by
Don Long and wife to Robert C. Tiller and wife on August 13, 1992. The clause is a
standard exception to warranty that reads as follows:

 SAVE AND EXCEPT AND SUBJECT TO all easements and rights-of-way of
record or which are apparent on the ground which burden the above
described tract, with all privileges appurtenant thereto.

 

This clause, as noted, is a standard exception in a warranty, and in no way created any
right in Lake Alexander Properties or its predecessors in title, all strangers to the deed. 
The road running over the Tiller-Nevins land, which Lake Alexander Properties now
attempts to claim, was not at the time of the deed, nor is it now, an easement burdening
that land, but a portion of the land itself that was being purchased by Tiller in 1992.

 For the reasons stated, we reverse the judgment and here render judgment that
Lake Alexander Properties, Ltd., take nothing.


 William J. Cornelius*

 Justice


Date Submitted: May 3, 2002

Date Decided: December 23, 2002


Publish


*Chief Justice, Retired, Sitting by Assignment