**AFFIRM; and Opinion Filed June 18, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00735-CV

**THE STALEY FAMILY PARTNERSHIP, LTD., Appellant**
**V.**
**DAVID LEE STILES, DELZIE STILES, GINGER WESTBROOK, ROBERT STILES,**
**AND DAVID STILES, Appellees**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-03484-2010**

## OPINION

Before Justices Fillmore, Evans, and Lewis
Opinion by Justice Fillmore

Appellant, the Staley Family Partnership, Ltd. (Staley) brought an action seeking a judicial declaration that it has an easement by necessity across land owned by appellees David Lee Stiles, Delzie Stiles, Ginger Westbrook, Robert Stiles, and David Stiles to access County Road 134 (CR 134). Appellees filed a counterclaim, seeking a judicial declaration that Staley does not have an easement across appellees' property and attorney's fees. All issues were submitted to the trial court in a bench trial. The trial court rendered judgment granting appellees' counterclaim for declaratory judgment that Staley does not have an easement across appellees' property and awarding appellees their attorney's fees. We affirm the trial court's judgment.

**Background**

Staley is the owner of a tract of land consisting of 10.129 acres (the Staley Tract) located in Collin County, Texas. The Staley Tract was previously part of a much larger tract of land owned by Thompson Helms by grant from the State of Texas in 1853 (the Thompson Helms Tract). In 1855, after the deaths of Thompson Helms and his wife, Abigail, their estate conveyed the portion of the Thompson Helms Tract west of Honey Creek to Robert Skaggs. In 1866, the remaining portion of the Thompson Helms Tract was partitioned by the probate court between the children of Thompson and Abigail Helms: Mary Helms, George Helms, Sarah T. Helms, Frances M. Helms, James Helms, and Axia Ann Helms. At the time of the 1866 partition, Axia Ann Helms was awarded a 152 acre tract that was the northernmost of the six partitioned tracts of land (the Axia Ann Helms Tract), James Helms was awarded a 142 acre tract of land (the James Helms Tract) south of the Axia Ann Helms Tract, and Frances M. Helms was awarded a 110 acre tract south of the James Helms Tract (the Frances M. Helms Tract), as shown on the map below.



Plct of partition Estate
of Thompson & A. Helms Decd.

A. A. Helms No.6

J. Helms No. 5

F.M.Helms No.4

H. Helms No.3

C.Helms No.2

M.Helms No.1

In 1873, Frances M. Helms conveyed 60 acres comprising the eastern portion of his 110 acre tract to James Helms. In 1876, Frances M. Helms conveyed 40 acres in the middle of his original 110 acre tract to James Helms, retaining the 10.129 acre tract now known as the Staley Tract (depicted by gray shading on the map above). Honey Creek borders this remaining 10.129 acre tract to the west and south, and an unnamed tributary of Honey Creek borders the tract to the east. In 1880, Frances M. Helms conveyed the remaining 10.129 acre tract, the westernmost portion of his original 110-acre tract, to Moses Hubbard. Upon the death of Moses Hubbard and his wife, the 10.129 acre tract was owned by The Moses and Mary Jane Hubbard Trust created by a January 5, 1897 will. In June 2005, the 10.129 acre tract was conveyed from The Moses

and Mary Jane Hubbard Trust to Berry Lynn Johnston.[1] In September 2005, the 10.129 acre tract of land was conveyed by Berry Lynn Johnston to Charis Interests, Inc. In December 2009, the 10.129 acre tract of land was conveyed by Charis Interests, Inc. to Staley.

Appellees own the portion of the Axia Ann Helms Tract and the portion of the James Helms Tract that are bordered by Honey Creek on the west and an unnamed tributary of Honey Creek on the east (the Stiles Tract). The Stiles Tract is north of the Staley Tract. CR 134 is now located on the northern boundary of the Stiles Tract. Honey Creek and the unnamed tributary of Honey Creek extend north of CR 134.

At trial, Staley sought a declaratory judgment that by reason of necessity, it "has or owns an access easement to, over, and across the Stiles Tract for purposes of access to and from [CR 134]." Following a bench trial, the trial court signed a judgment declaring that Staley does not have an easement across appellees' property—the Stiles Tract—to access CR 134 from Staley's 10.129 acre tract—the Staley Tract—and awarding appellees attorney's fees. The trial court filed findings of fact and conclusions of law. Staley requested additional findings, which were not made. Specifically, the trial court concluded that Staley does not have an easement by necessity, an implied easement, or an easement by estoppel across appellees' property.[2] Staley filed this appeal.

## Easement by Necessity

Staley contends the trial court erred by failing to grant a declaratory judgment that Staley established an easement by necessity over appellees' property to access CR 134 and by rendering

---

[1] When the 10.129 acre tract was sold to Berry Lynn Johnston in 2005, a specific exception in the special warranty deed provided, "Right of access to a public street or road from subject property is not insured."

[2] "Easements may be created by express grant, by implication, by necessity, by estoppel, or by prescription." *Machala v. Weems*, 56 S.W.3d 748, 755 (Tex. App.—Texarkana 2001, no pet.); *Tiller v. Lake Alexander Props., Ltd.*, 96 S.W.3d 617, 621 ((Tex. App.—Texarkana 2002, no pet.); *see also Hamrick v. Ward*, 359 S.W.3d 770, 776 (Tex. App.—Houston [14th Dist.] 2012, pets. granted) ("Texas courts commonly refer to easements implied by necessity as 'easements by necessity' and easements implied by prior use simply as 'implied easements.'"). At trial, Staley relied on theories of easement by implication, necessity, and estoppel. However, on appeal, Staley challenges only the trial court's failure to find it has an easement by necessity.

a declaratory judgment in favor of appellees that Staley does not have an easement by necessity over appellees' property to access CR 134. Whether a party is entitled to an easement by necessity is a question of law, and we review the trial court's conclusions of law de novo. *See Benedictine Sisters of the Good Shepherd v. Ellison*, 956 S.W.2d 629, 631 (Tex. App.—San Antonio 1997, pet. denied). A conclusion of law will be reversed if it is erroneous as a matter of law. *Id.*

*Elements of Easement by Necessity and Burden of Proof*

An easement by necessity is established with proof of (1) unity of ownership of the dominant and servient estates prior to severance, (2) necessity of a roadway, and (3) existence of the necessity at the time of the severance of the two estates. *Id.*; *see also Koonce v. Brite Estate*, 663 S.W.2d 451, 452 (Tex. 1984). An easement by necessity is temporary and "ceases when the necessity terminates." *Bains v. Parker*, 182 S.W.2d 397, 399 (Tex. 1944); *see also Crone v. Brumley*, 219 S.W.3d 65, 68 (Tex. App.—San Antonio 2006, pet. denied). As the party seeking the easement by necessity, Staley had the burden to establish all elements of that claim. *See Duff v. Matthews*, 311 S.W.2d 637, 640 (Tex. 1958); *Crone*, 219 S.W.3d at 68 (party seeking easement has burden of proof). Whether these requirements have been met is determined at the time of severance of the alleged dominant and servient estates. *Miller v. Elliott*, 94 S.W.3d 38, 43 (Tex. App.—Tyler 2002, pet. denied);[3] *see also Ingham v. O'Block*, 351 S.W.3d 96, 102 (Tex. App.—San Antonio 2011, pet. denied) (relevant time to determine unity of ownership is when easement was allegedly created, that is, at time of severance).

---

[3] The parcel of land owned by the grantor of the alleged easement is referred to as the servient estate and the parcel of land benefitted by the alleged easement is referred to as the dominant estate. *See Daniel v. Fox*, 917 S.W.2d 106, 110 (Tex. App.—San Antonio 1996, writ denied).

*Analysis*

Prior to the 1866 partition of the Thompson Helms Tract, the property on which the Staley Tract and the Stiles Tract are now located was united in common ownership by Thompson Helms. In other words, the alleged dominant estate—the Staley Tract—and alleged servient estate—the Stiles Tract—were a part of a single tract (the Thompson Helms Tract) until it was partitioned in 1866. At that time, the 10.129 acres now known as the Staley Tract were part of the Frances M. Helms Tract, and the Stiles Tract to the north of the Staley Tract was part of the James Helms Tract and the Axia Ann Helms Tract. It is over what was the James Helms Tract and the Axia Ann Helms Tract at the time of the 1866 partition that Staley sought an easement by necessity to CR 134. The land contained in the Staley Tract was never part of the James Helms Tract to its north. We therefore conclude the relevant severance occurred in 1866 when the Thompson Helms Tract was partitioned and there was a severance of the alleged dominant estate and the alleged servient estate. Accordingly, we necessarily reject the trial court's Finding of Fact No. 16 that the relevant severance occurred in 1876 when Frances M. Helms conveyed 40 acres of the remaining 50 acres in the Frances M. Helms Tract to James Helms.[4]

Staley contends the Staley Tract has remained "landlocked" since 1866, and the necessity for an easement across the Stiles Tract to the public road system has existed since that time and presently exists. According to Staley, the partition in 1866 of the Thompson Helms Tract made the westernmost 10.129 acres of the Frances M. Helms tract inaccessible from the east, south, and west due to impassable ravines of Honey Creek on the west and south and the unnamed tributary of Honey Creek on the east. Staley contends, therefore, that at the time of the 1866 partition, the only access to the 10.129 acres of the Frances M. Helms Tract was from the north, through the James Helms Tract and the Axia Ann Helms Tract.

---

[4] The trial court's erroneous Finding of Fact No. 16, however, did not result in the rendering of an incorrect judgment.

Necessity at the time of severance is an essential element of an easement by necessity. Staley bore the burden of proving not only unity of ownership and present necessity, "but also 'historical necessity,' *i.e.*, an easement was necessary at the time of the severance." *Ellison*, 956 S.W.2d at 633; *see also Ingham*, 351 S.W.3d at 102 (referring to third element of easement by necessity as "historical necessity").

Staley sought declaration of an easement by necessity "to, over, and across the Stiles Tract for purposes of access to and from [CR 134]." Staley bore the burden of establishing that its claim for access across the Stiles Tract was a necessity and not merely a convenience. *See Harrington v. Dawson-Conway Ranch, Ltd.*, 372 S.W.3d 711, 724 (Tex. App.—Eastland 2012, pet. denied) ("In an easement by necessity case, whether by reservation or grant, we hold that the degree of necessity required is that of 'strict necessity.'"). Staley also bore the burden of establishing that this necessity to cross the Stiles Tract for access to CR 134 arose at the time of the partition of the alleged dominant and servient estates. *See Ellison*, 956 S.W.2d at 633. The inquiry that governs resolution of this case is whether at the time of the severance, the dominant estate—the Staley Tract—had the right to pass over the servient estate—the Stiles Tract—due to necessity of access to CR 134. *See Bains*, 182 S.W.2d at 399; *Crone*, 219 S.W.3d at 70 (noting no evidence established that at time of severance a public road abutted property across which plaintiff sought easement by necessity; evidence was therefore legally insufficient to support easement by necessity); *Tiller v. Lake Alexander Props., Ltd*, 96 S.W.3d 617, 623 (Tex. App.—Texarkana 2002, no pet.) (easement by necessity may not be imposed where there is no evidence of necessity to access public road at time of severance of dominant and servient estates); *Heard v. Roos*, 885 S.W.2d 592, 596 (Tex. App.—Corpus Christi 1994, no pet.) (proof of unity of ownership and necessity of roadway not enough to establish an easement by necessity; proof the necessity existed at time dominant and servient estates were severed must be shown, and

evidence did not support a finding that public road existed at time of severance); *Ellison*, 956 S.W.2d at 632 (holding a requisite to proof of historical necessity is a showing that easement would provide access to a public road existing prior to severance of dominant and servient estates); *see also Perez v. Benavides*, No. 04-06-00751-CV, 2007 WL 1608927, at *2 (Tex. App.—San Antonio June 6, 2007, no pet.) (mem. op.) (at the time of severance, Share F was landlocked, and Perez's predecessors never gained access to a public road across Share F; accordingly, evidence conclusively established no necessity existed for Perez's predecessors to use Share F to access a public road at time the estates were severed); *Penney v. Mangum*, No. 07-08-0025-CV, 2009 WL 1677837, at *2 (Tex. App.—Amarillo, June 16, 2009, no pet.) (mem. op.) (record clearly showed that at time of severance, FM 1187 was in existence and was only access to servient estate; easement to access FM 1877 was necessity); *Daniel v. Fox*, 917 S.W.2d 106, 112 (Tex. App.—San Antonio 1996, writ denied) ("We find overwhelming evidence that the roadway in controversy was in existence and being used as a necessity prior to and subsequent to [partition of the property].").

Thomas Staley testified at trial that 1866 maps do not show CR 134. He testified that the records that would provide information regarding establishment of CR 134 "go back" to the 1930s. He testified the "mapping is very poor, so it's not clear what roads were up there. We're pretty certain there were some roads. We don't know if it's 134 or not." As to whether CR 134 was located at the northern boundary of what is now the Stiles Tract in 1866, Thomas Staley testified that there may have been a county road, "But – it might not have been called a county road. It may have just been a road, you know. We don't know. That's a long time ago."[5] *See Crone*, 219 S.W.3d at 69–70 (maps dated 1936 and 1944 did not establish existence of a public road in 1920 or 1923, nor did they furnish a basis for inferring that a public road existed some

---

[5] At submission, counsel for Staley acknowledged Staley did not show at trial the location of a public road in 1866.

sixteen and twenty years before their publication). David Stiles testified at trial that he had no knowledge of what was at the northern boundary of the Stiles Tract in 1866. There is no credible evidence in the record that a public road was in existence and being used in 1866 at the northern boundary of what is now the Stiles Tract.[6] Although Staley contends the Staley Tract was landlocked at the time of severance, there is no credible evidence to show the necessity of access across the Stiles Tract to a public road in the current location of CR 134 at the time of severance. Applying the appropriate standard of review, we conclude Staley failed to establish as a matter of law the essential element of existence of the necessity at the time of the severance.

**Attorney's Fees**

Staley contends that, because the trial court erred by failing to grant a declaratory judgment that Staley established an easement by necessity, the trial court erred by awarding attorney's fees to appellees and by failing to award attorney's fees to Staley. The trial court has discretion to award reasonable and necessary attorney's fees as it deems equitable and just under the Uniform Declaratory Judgments Act (UDJA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2008) (trial court may award reasonable and necessary attorney's fees to prevailing party in declaratory judgment action); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b) & 37.004(a); *Roberson v. City of Austin*, 157 S.W.3d 130, 136–37 (Tex. App.—Austin 2005, pet. denied) (noting a large number of easement cases have been decided under the UDJA and that the UDJA, which is to be liberally applied, states it applies to determine the validity of deeds). The grant or denial of attorney's fees in a declaratory judgment action lies within the discretion of the trial court, and its judgment will not be reversed on appeal absent a clear showing that it abused that discretion. *Oake v. Collin Cnty.*, 692 S.W.2d 454, 455 (Tex.

---

[6] There is also no credible evidence in the record that a public road was in existence and being used in 1876 (the date the trial court determined the relevant severance occurred) at the northern boundary of what is now the Stiles Tract.

1985); *see also Save Our Springs Alliance, Inc. v. Lazy Nine Mun. Util. Dist.*, 198 S.W.3d 300, 319 (Tex. App.—Texarkana 2006, pet. denied) (entitlement to attorney's fees "depends on what is equitable and just, and the trial court's power is, in that respect, discretionary").

Staley did not file a post-trial motion complaining about the amount of attorney's fees awarded appellees or that the attorney's fees awarded appellees were unreasonable or unnecessary, and Staley does not argue on appeal that the attorney's fees awarded appellees were unreasonable or unnecessary. Staley only argues that the trial court erred as a matter of law by awarding attorney's fees to appellees because appellees should not have been the prevailing parties in the trial court. The trial court granted appellees' request for a declaratory judgment that Staley does not have an easement by necessity across appellees' property. Having concluded the trial court did not err by granting appellees' request for a declaratory judgment or by denying Staley's request for a declaratory judgment, and as Staley does not contend the appellees' attorney's fees are unreasonable or unnecessary, we cannot conclude the trial court abused its discretion by awarding attorney's fees to appellees.

### Conclusion

We resolve Staley's sole issue against it. We affirm the trial court's judgment.

/Robert M. Fillmore/
_____
ROBERT M. FILLMORE
JUSTICE

130735F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STALEY FAMILY PARTNERSHIP, LTD., Appellant

No. 05-13-00735-CV          V.

DAVID LEE STILES, DELZIE STILES, GINGER WESTBROOK, ROBERT STILES, AND DAVID STILES, Appellees

On Appeal from the 429th Judicial District Court, Collin County, Texas, Trial Court Cause No. 429-03484-2010. Opinion delivered by Justice Fillmore, Justices Evans and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees David Lee Stiles, Delzie Stiles, Ginger Westbrook, Robert Stiles, and David Stiles recover their costs of this appeal from appellant The Staley Family Partnership.

Judgment entered this 18th day of June, 2014.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE