

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-24-00120-CV

BILL WEDDINGTON AND TWIN OAKS ESTATES, INC., APPELLANTS

V.

JON VAUGHAN, STEPHANIE VAUGHAN, GARY VINKLAREK, CALVIN HENRY, AND
CLARA HENRY, APPELLEES

On Appeal from the 421st District Court
Caldwell County, Texas
Trial Court No. 23-O-078, Honorable Chris Schneider, Presiding

July 30, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellants Bill Weddington and Twin Oaks Estate, Inc. (collectively, "Weddington")

bring this interlocutory appeal[1] challenging the trial court's denial of their application for a

temporary injunction.[2]  They sought to restrain Appellees—Jon Vaughan, Stephanie

---

[1] This appeal was originally filed in the Third Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas.  See TEX. GOV'T CODE ANN. § 73.001.  In the event of any conflict, we apply the transferor court's case law.  TEX. R. APP. P. 41.3.

[2] An interlocutory order granting or refusing an application for a temporary injunction is immediately appealable.  TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4).

Vaughan, Gary Vinklarek, Calvin Henry, and Clara Henry (collectively, "Vaughan")—from denying Weddington access to its property, claiming an easement across the property that is alleged to have been obtained by estoppel. Finding no abuse of discretion by the trial court, we affirm its order denying temporary injunctive relief.

## Background

The essence of Weddington's application for injunctive relief centers on its use of an unpaved road that begins where Farm to Market Road 713 touches the Henrys' property. From there, the road crosses the Henry, Vinklarek, and Vaughan properties before reaching the Weddington tract. Weddington claims to have used this road to access its property for at least seventy years.

At the temporary injunction hearing, 76-year-old Johnny Weddington testified that he had been using the road since he was 6 or 7 years old. Similarly, 91-year-old O.C. Grant testified that since his childhood he has crossed what are now the Henry, Vinklarek, and Vaughan properties to reach the Weddington property.

Vinklarek acquired his property in 2001 and did not prohibit Weddington from using the road until 2012, when his attorney sent Weddington a letter demanding cessation of road use. In the fall of 2023, Vaughan and Vinklarek completely restricted Weddington's access via the road. Thereafter, Weddington sought temporary and permanent injunctive relief and a declaratory judgment in the ensuing litigation.

2

**Analysis**

The purpose of a temporary injunction is to preserve the status quo of the subject matter of a suit pending a final trial on the merits. *Camp v. Shannon,* 162 Tex. 515, 348 S.W.2d 517, 519 (1961). Consistent with this purpose, an appeal of such an order does not review the merits of the underlying case; rather, we assess whether the trial court abused its discretion in determining if the applicant is entitled to injunctive relief pending trial. *Comed Med. Sys., Co. v. AADCO Imaging, LLC,* No. 03-14-00593-CV, 2015 Tex. App. LEXIS 1762, at *11 (Tex. App.—Austin Feb. 25, 2015, no pet.) (mem. op.). To obtain a temporary injunction, the applicant must plead and prove: (1) a cause of action against the defendant, (2) a probable right of recovery, and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex. 2002) (op. on reh'g). A temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Id.*

An order granting or denying an application for temporary injunction is reviewed for abused discretion. *Id.* at 204. A trial court abuses its discretion when it acts unreasonably, arbitrarily, or without reference to guiding rules and principles. *Id.* at 211. In its review of a trial court's order on a temporary injunction, an appellate court does not resolve factual disputes. *Bright Land & Cattle, LLC v. PG-M Int'l, LLC,* No. 07-16-00336-CV, 2017 Tex. App. LEXIS 2083, at *6 (Tex. App.—Amarillo Mar. 9, 2017, no pet.) (mem. op.). Instead, conflicting evidence and all legitimate inferences that can be drawn from the evidence are interpreted in the light most favorable to the trial court's decision. *Id.*

At the heart of this appeal is Weddington's claim of an easement by estoppel. An easement grants one person the right to use another's land for a specific purpose. *Hubert v. Davis,* 170 S.W.3d 706, 710 (Tex. App.—Tyler 2005, no pet.). The statute of frauds ordinarily requires a written document to establish an easement. *Machala v. Weems,* 56 S.W.3d 748, 756 (Tex. App.—Texarkana 2001, no pet*.).* However, the doctrine of equitable estoppel provides an exception to prevent injustice and protect innocent parties from fraud. *Storms v. Tuck,* 579 S.W.2d 447, 451 (Tex. 1979); *Machala,* 56 S.W.3d at 756. The essence of easement by estoppel is that the owner of a servient estate may be estopped from denying the existence of an easement when he makes representations that the owner of the dominant[3] estate relies on. *Drye v. Eagle Rock Ranch, Inc.,* 364 S.W.2d 196, 209 (Tex. 1962).

To establish an easement by estoppel, the owner of the servient estate must say or do something at the time of the grant to induce acceptance by the dominant estate owner. *Lakeside Launches, Inc. v. Austin Yacht Club, Inc.,* 750 S.W.2d 868, 872 (Tex. App.—Austin 1988, writ denied). The Third Court of Appeals has held that proving an easement by estoppel requires the plaintiff to prove: (1) a representation communicated to a promisee; (2) the communication is believed; and (3) reliance on the communication. *Lakeside Launches*, 750 S.W.2d at 871 (citing *Storms*, 579 S.W.2d at 451). Ten years later, in *Scott v. Cannon*, the Third Court revisited its analysis and interpreted from prior decisions that an easement by estoppel occurs when an owner "mak[es] representations that are acted upon by a *purchaser* to his detriment." 959 S.W.2d 712, 720 (Tex. App.—

---

[3] The parcel of land owned by the grantor of the easement is the servient estate, and the parcel of land benefited by the easement is the dominant estate. *Staley Family P'ship, Ltd. v. Stiles,* 435 S.W.3d 851, 856 n.3 (Tex. App.—Dallas 2014)*, aff'd,* 483 S.W.3d 545 (Tex. 2016).

Austin 1998, pet. denied).[4]  The court concluded that "the law requires a vendor/vendee relationship to establish an easement by estoppel."  *Id.* at 720.

Since *Scott* was decided, the Third Court has reiterated that there can be no easement by estoppel unless a vendor-vendee relationship exists between the plaintiff and defendant.  *See Pewitt v. Terry,* No. 03-12-00013-CV, 2012 Tex. App. LEXIS 7867, at *12–14 (Tex. App.—Austin Sept. 13, 2012, no pet.) (mem. op.) (stating "this Court has held that a vendor/vendee relationship must exist between the party making the representation and the party claiming to have relied on it" for an easement by estoppel to arise); *Cambridge Holdings, Ltd. v. Cambridge Condos. Council of Owners*, No. 03-08-00353-CV, 2010 Tex. App. LEXIS 4415, at *51-52 (Tex. App.—Austin June 11, 2010, no pet.) (mem. op.) (stating, "[t]his Court has held that a vendor-vendee relationship must exist to establish an easement by estoppel, although some of our sister courts have since questioned that holding.").

In its reply, Weddington argues that *Scott's* holding is misplaced because it conflicts with the earlier Supreme Court decisions it purported to interpret, and that other courts, including this Court,[5] have reached contrary conclusions.  Nonetheless, *Scott's* holding remains the earliest non-superseded decision from the Third Court on this question.  Because it has not been overturned by the Supreme Court or through *en banc* review, it remains the governing authority of the Third Court of Appeals.  *See Mitschke v.*

---

[4] (citing *Storms*, 579 S.W.2d at 451; *Drye*, 364 S.W.2d at 209; *Harrison & Co. v. Boring*, 44 Tex. 255 (1875)).

[5] *See S. Plains Lamesa R.R. v. Heinrich*, 280 S.W.3d 357, 362 (Tex. App.—Amarillo 2008, no pet.) (holding "that a vendor/vendee relationship is not required to prove that an easement was granted by estoppel . . . .").

*Borromeo*, 645 S.W.3d 251, 256 (Tex. 2022) (holding that under principles of horizontal stare decisis, "three-judge panels must follow materially indistinguishable decisions of earlier panels of the same court unless a higher authority has superseded that prior decision."). Even if we have reason to doubt the validity of the decision, we, as the transferee court, are "objectively bound" to follow *Scott's* instruction. *Id.* at 258.

In this appeal, there is no evidence of a vendor-vendee relationship between Weddington and any of the Appellees. While the evidence shows Vaughan occasionally allowed Weddington to use the road to access its property, such passive acquiescence does not meet the level of representation required to establish an easement by estoppel. *See Scott,* 959 S.W.2d at 721. We conclude that Weddington failed to present evidence establishing a probable right to the relief sought. It is unnecessary to address Weddington's other appellate issues. *See* TEX. R. APP. P. 47.1.

## Conclusion

We conclude the trial court did not abuse its discretion in denying Weddington's application for a temporary injunction. We therefore affirm the trial court's order and remand the cause for further proceedings.

Lawrence M. Doss
Justice

6